UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| LESLIE GEORGE,<br><br>                              Plaintiff,<br><br>         v.<br><br>ALLIED BARTON, et. al.,<br><br>                              Defendants. | Case No. 3:16-cv-00724-RCJ-WGC<br><br>**REPORT & RECOMMENDATION OF**<br>**U.S. MAGISTRATE JUDGE** |

       This Report and Recommendation is made to the Honorable Robert C. Jones, Senior United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

       Before the court are Plaintiff's application to proceed in forma pauperis (IFP) (Electronic Court Filing (ECF) No. 1) and proposed pro se complaint (ECF No. 1-1).

### I. APPLICATION FOR LEAVE TO PROCEED IFP

       A person may be granted permission to proceed IFP if the person "submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915; *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (stating that this provision applies to all actions filed in forma pauperis, not just prisoner actions).

/ / /

/ / /

In addition, the Local Rules of Practice for the District of Nevada provide: "Any person, who is unable to prepay the fees in a civil case may apply to the court for authority to proceed *in forma pauperis*. The application must be made on the form provided by the court and must include a financial affidavit disclosing the applicant's income, assets, expenses, and liabilities." LSR 1-1.

"'[T]he supporting affidavits [must] state the facts as to [the] affiant's poverty with some particularity, definiteness and certainty.'" *U.S. v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (quoting *Jefferson v. United States*, 277 F.2d 823, 725 (9th Cir. 1960)). A litigant need not "be absolutely destitute to enjoy the benefits of the statute." *Adkins v. E.I. Du Pont De Nemours & Co.*, 335 U.S. 331, 339 (1948).

A review of Plaintiff's application reveals that he is unable to pay the filing fee. As a result, Plaintiff's application to proceed IFP (ECF No. 1) should be granted.

## II. SCREENING

**A. Standard**

28 U.S.C. § 1915 provides: "the court shall dismiss the case at any time if the court determines that...the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). This provision applies to all actions filed in forma pauperis, whether or not the plaintiff is incarcerated. *See Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc); *see also Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) (per curiam).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and this court applies the same standard under Section 1915(e)(2)(B) when reviewing the adequacy of the complaint or amended complaint. *See Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) (citation omitted). Review under 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000).

/ / /

In reviewing the complaint under this standard, the court must accept as true the allegations of the complaint, *Hosp. Bldg. Co. v. Trustees of Rex Hosp.*, 425 U.S. 738, 740 (1976), construe the pleadings in the light most favorable to plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Allegations in pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers, and must be liberally construed. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*); *Hamilton v. Brown*, 630 F.3d 889, 893 (9th Cir. 2011).

A complaint must contain more than a "formulaic recitation of the elements of a cause of action," it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id*. (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, at 235-36 (3d ed. 2004)). At a minimum, a plaintiff should state "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A dismissal should not be without leave to amend unless it is clear from the face of the complaint that the action is frivolous and could not be amended to state a federal claim, or the district court lacks subject matter jurisdiction over the action. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (dismissed as frivolous); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

**B. Plaintiff's Complaint**

Plaintiff names the following as defendants in this action: Allied Barton, a security company, and city bus driver Tom Whitting. (ECF No. 1-1 at 1-2.) He alleges that Wesley Edward Dutcher (not named a defendant) was served with a restraining order on October 19, 2016; that his nose was broken in ten places; he was sitting and waiting for the bus when three Hispanic women jumped him while two Allied Barton security guards watched and they were terminated the next day. (*Id*. at 4.) He went to the corporate office but no one ever called him. (*Id*.) He goes on to state that Tom Whitting "put his finger under his Adam['s] apple of [his]

neck two times and showed me newspaper clipping." (*Id*. at 5.) Plaintiff got off the bus at the next stop and called 911. (*Id*.) When he got back on the bus after church there was another driver. (*Id*.) He states that he needs this bus. (*Id*.)

"To sustain an action under Section 1983, a plaintiff must show (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of a federal constitutional or statutory right." *Wood v. Ostrader*, 879 F.2d 583, 587 (9th Cir. 1989).

Insofar as Allied Barton is concerned, any claims must be dismissed against the private security company as it is not a state actor. Moreover, the remainder of the complaint consists of disjointed statements that the court cannot decipher as stating any cognizable legal claim for relief. This complaint, like the one filed shortly before it (*see* 3:16-cv-00616-MMD-WGC), verges on frivolous. A complaint "is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). This includes "not only the inarguable legal conclusion, but also the fanciful factual allegation." *Id*. "[A] court may dismiss as frivolous complaints reciting bare legal conclusions with no suggestion of supporting facts, or postulating events and circumstances of a wholly fanciful kind." *Franklin v. Murphy*, 745 F.2d 1221, 1226 (9th Cir. 1984).

Therefore, the court recommends that the complaint be dismissed with prejudice.

### III. RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that the District Judge enter an order:

(1) **GRANTING** Plaintiff's IFP application (ECF No. 1);

(2) Directing the Clerk to **FILE** the complaint (ECF No. 1-1); and

(3) **DISMISSING** this action **WITH PREJUDICE**.

The Plaintiff should be advised:

1. That he may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

      2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

      DATED: January 27, 2017.

*[signature: William G. Cobb]*

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE